**WO**                                                                                                          NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RNI, L.L.C., an Arizona limited liability company, d/b/a Pure Romo Nutrition; Thomas Incledon, individually and on behalf of RNI, L.L.C.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>William Romanowski and Julie Romanowski, husband and wife,<br><br>　　　　Defendants. | No. CV 06-3051-PHX-EHC<br><br>**ORDER** |

　　　　Defendants Romanowski removed this case from Maricopa County Superior Court based on diversity of citizenship. Plaintiffs RNI, L.L.C. and Thomas Incledon (collectively "RNI") are citizens of Arizona. Defendants are citizens of California. RNI claims in its complaint that Defendant William Romanowski, a member of RNI, L.L.C., withdrew as an RNI member. The Romanowskis contend that William Romanowski did not withdraw as a member, and therefore, is still a member of RNI.

　　　　For purposes of diversity jurisdiction, a limited liability company is a citizen of each state of which its members are citizens, which Defendants do not dispute. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). RNI filed a *Plaintiffs' Motion to Remand* ("Motion to Remand") (Dkt. 57), arguing Defendants' contention that

1 William Romanowski remains a member of RNI is an admission that he is a citizen of
2 Arizona, thus destroying complete diversity. The Romanowskis' reliance on case law to
3 argue that the Court's determination of diversity is confined to the Complaint is misplaced.
4 In Gould v. Mutual Life Insurance. Co., 790 F.2d 769 (9th Cir. 1986) and Ritchey v. Upjohn
5 Drug Co., 139 F.3d 1313 (9th Cir. 1998), the courts address issues of removal, not remand,
6 when they look to the complaint to ascertain citizenship. Furthermore, Defendants' argument
7 regarding the timeliness of the Motion to Remand is without merit. Pursuant to Rule
8 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines *at any time* that
9 it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added).

"[T]he removing defendant has 'always' borne the burden of establishing federal jurisdiction . . ." Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006). RNI contends in its complaint that William Romanowski withdrew from RNI; if correct, diversity in this case is preserved. The Romanowskis, however, argue that he did not withdraw from RNI; diversity is thus destroyed. At the same time, Defendants insist diversity exists. Defendants cannot have it both ways; they have not met their burden of establishing diversity.

Accordingly,

**IT IS ORDERED** that the Motion to Remand (Dkt. 57) is **granted.**

DATED this 31st day of July, 2008.

_____
Earl H. Carroll
United States District Judge

- 2 -